# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-112V
**Filed: October 15, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * * | UNPUBLISHED |
| YVONNE HOOPER, * | |
| * | Special Master Gowen |
| Petitioner, * | |
| * | |
| v. * | Attorneys' Fees and Costs. |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * * * | |

<u>Ronald C. Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Althea W. Davis</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 7, 2014, Yvonne Hooper ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving a hepatitis B vaccine on February 17, 2011, March 17, 2011, and July 18, 2011, she suffered from hyperthyroidism due to Graves disease. <u>See</u> Petition at Preamble, docket no. 1, filed Feb. 7, 2014. On April 29, 2015, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation to petitioner, even though respondent denies that the hepatitis B vaccine caused petitioner's alleged injuries or any

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

other condition. <u>See</u> Stipulation for Award, docket no. 26, filed Apr. 29, 2015. A decision adopting the parties' stipulation was issued by the undersigned that same day, awarding petitioner a lump sum of $50,000.00. <u>See</u> Decision, docket no. 27, filed Apr. 29, 2015. On May 8, 2015, judgment entered on the compensation decision.

On September 28, 2015, petitioner filed a motion for attorneys' fees and costs. In the motion, petitioner's counsel at the firm of Conway, Homer & Chin-Caplan requested hourly rates set forth by the undersigned in *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). On October 15, 2015, respondent filed a response to petitioner's motion for attorneys' fees and costs, stating that "while [she] disagrees with the analysis and findings in [*McCulloch*], respondent has determined that her resources are not wisely used by continuing to litigate the issues addressed in that decision." Response to Motion at 1-2, docket no. 33, filed Oct. 15, 2015. Accordingly, respondent indicated that she "defers to the special master's statutory discretion in determining a reasonable fee award for this case." <u>Id.</u> at 2.

Petitioner here requests a total award of attorneys' fees and costs in the amount of $28,862.08. Motion at 2, docket no. 31, filed Sept. 28, 2015. This amount includes attorneys' fees in the amount of $22,219.80, attorneys' costs in the amount of $6,518.76, and petitioner's out-of-pocket costs in the amount of $123.52. <u>Id.</u> at 1. In accordance with General Order #9, petitioner represents that she incurred reimbursable costs in pursuit of this claim in the amount of $123.52. <u>See</u> Notice, docket no. 32, filed Sept. 29, 2015.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request, which is consistent with the rates and reasoning established in *McCulloch*, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorneys at Conway, Homer & Chin-Caplan, in the amount of <u>$28,738.56</u>; and**

**(2) in the form of a check payable to petitioner only, Yvonne Hooper, pursuant to General Order No. 9, in the amount of <u>$123.52</u>.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.